```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MORNINGSIDE SUPERMARKET CORP., d/b/a/    :    05 CIV. 9950(DLC)
MET FOOD,                                :
                                         :    MEMORANDUM OPINION &
                  Plaintiff,             :         ORDER
                                         :
          -v-                            :
                                         :
NEW YORK STATE DEPARTMENT OF HEALTH,     :
PATRICIA HESS, Director, Division of     :
Nutrition, WILLIAM F. RYAN COMMUNITY     :
HEALTH CENTER,                           :
                                         :
                  Defendants.            :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Roger J. Bernstein
331 Madison Avenue, 15th Floor
New York, NY 10017

For State Defendants:
Roy A. Esnard
Assistant Attorney General
Office of the Attorney General
120 Broadway, 24th Floor
New York, NY 10271

For Defendant Ryan Community Health
Center:
Jeffrey C. Thrope
Alon M. Markowitz
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036


DENISE COTE, District Judge:

Plaintiff Morningside Supermarket Corporation is the owner of a retail food store in Manhattan. Until April 1, 2005, Morningside participated in the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC Program"), a

federally funded program that provides nutritional foods to supplement the diets of women and young children.

In December 2004, defendant William F. Ryan Community Health Center ("Ryan Center"), which serves as a WIC program administrator on behalf of defendant New York State Department of Health (DOH), notified Morningside that its existing contract would expire in April 2005 and that it would need to apply to be reauthorized as a WIC Program vendor if it wished to continue in the program. Morningside submitted an application, but Ryan declined to renew Morningside's authorization on the ground that Morningside had previously been disqualified from, or had abused, the WIC program.

Morningside then filed an action in the State of New York seeking a preliminary injunction to allow it to participate in the WIC program pending administrative review of Ryan's decision. The state court granted the application, but in March 2006 dismissed the action as moot because an administrative review had affirmed Ryan's decision to deny reauthorization. Before the state court dismissed Morningside's suit, but after the administrative review, Morningside filed this action, seeking an injunction that would require defendants to authorize Morningside's continued participation in the WIC program.[1]

Ordinarily, a party seeking a preliminary injunction may

---

[1] Although Morningside states four causes of action in its complaint, it discusses only three in its motion papers as grounds for a preliminary injunction. This opinion will address only those arguments relied upon by Morningside in its briefs.

prevail by demonstrating (1) that it will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. See, e.g., <u>Bronx Household of Faith v. Bd. of Educ.</u>, 331 F.3d 342, 348-49 (2d Cir. 2003). Where a preliminary injunction would interfere with the government's ability to act "in the public interest pursuant to a statutory or regulatory scheme," the "less rigorous" "fair ground for litigation" standard does not apply and the moving party must establish a likelihood of success on the merits. <u>Id.</u> at 349. This standard is heightened further when the relief sought is in the nature of a mandatory injunction. In such cases, an injunction will issue only if the moving party shows a "clear" or "substantial" likelihood of success. <u>Id.</u>

Morningside's requested relief, that the administrator of a government program take action to authorize its participation in the WIC program, is mandatory in nature. Morningside has no contractual right or other property interest in continued participation in the program following the expiration of its contract with Ryan. Under such circumstances, the relief it requests would "alter the status quo by commanding some positive act." <u>Tom Doherty Assocs., Inc v. Saban Entm't, Inc.</u>, 60 F.3d 27, 34 (2d Cir. 1995). Morningside must therefore make a clear or substantial showing of its likelihood of success on the merits

3

of its claims. It has not done so.

The standard for proving a successful "class of one" claim under the Equal Protection Clause is rigorous. See Neilson v. D'Angelis, 409 F.3d 100, 104-05 (2d Cir. 2005). Morningside has not carried its burden of showing a likely denial of equal protection by reference to "someone who is prima facie identical in all relevant respects." Id. at 104 (quoting Purze v. Village of Winthrop, 286 F.3d 452, 455 (7th Cir. 2002)). Nor has it persuasively argued that the defendants might have violated either of the federal regulations on which it relies. See 7 C.F.R. § 246.12(g) & (*l*)(1)(viii).[2]

Morningside's third cause of action appears to request relief under Article 78 of the New York Civil Procedure Law and Rules, N.Y. C.P.L.R. § 7801 et seq. "[U]nder New York State law, Article 78 is a form of proceeding available to compel public officials to comply with their responsibilities." Vandor, Inc. v. Militello, 301 F.3d 37, 39 (2d Cir. 2002). The complaint and briefing papers are completely unilluminating with respect to the source of the right that Morningside wishes to enforce in a federal court, which does not follow New York state procedural rules.[3] To the extent that Morningside's claim is that the

---

[2] Because Morningside has failed to establish that there was a likely violation of any federal regulation, it is unnecessary to decide whether a cause of action exists under Section 1983 to enforce either of these regulations.

[3] Until Morningside makes clear the source of the right it wishes to enforce against the state defendants, the Court is unable to rule on DOH's argument that this claim is barred by the Eleventh Amendment.

4

defendants' allegedly arbitrary and capricious conduct has denied it due process of law, it has fallen far short of establishing a likelihood of success.

## CONCLUSION

Morningside has failed to establish a likelihood of success, much less a clear or substantial one, on the merits of any of its claims. The motion for a preliminary injunction is denied.

SO ORDERED:

Dated: New York, New York
March 17, 2006

DENISE COTE
United States District Judge